STATE OF NEBRASKA, APPELLEE, V.
ARMANDO L. YBANEZ, APPELLANT.

313 N.W.2d 30

Filed November 25, 1981. No. 44344.

Albert A. Pena III and James S. Jansen for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

BOSLAUGH, J.

After a trial to the court, the defendant was convicted of possession of cocaine and sentenced to imprisonment for 1 to 2 years. He has appealed and contends the trial court erred in failing to sustain his motion to suppress; in failing to elicit an affirmative waiver of his right to confrontation; and in finding the defendant guilty when there was no evidence that the substance seized in the search of the defendant's motel room was in fact cocaine.

During a search of the defendant's motel room, pursuant to warrant, approximately 3 ounces of cocaine were found concealed behind the headboard of the bed in which the defendant had been sleeping. The search warrant had been obtained after the defendant's companion, Harry Ihms, had been arrested for carrying a concealed weapon. Ihms had been stopped by the police for questioning after a citizen had reported that Ihms resembled a person wanted for bank robbery in Colorado. The concealed weapon was found during a limited search of Ihms' person.

The warrant authorized a search of the motel room occupied by the defendant and Ihms to discover currency taken in the bank robbery, a jacket, mask, and bag used in the robbery, and ammunition.

The defendant has attempted to question the legality of the arrest of Ihms, but he has no standing to raise that issue. See *State v. Van Ackeren*, 194 Neb. 650, 235 N.W.2d 210 (1975).

The affidavit for the search warrant set out all the information then in the possession of the officers, including confirmation of the description of the bank robber obtained by the Omaha police from Colorado police officers and agents of the Federal Bureau of Investigation.

In *State v. Stickelman*, 207 Neb. 429, 433, 299 N.W.2d 520, 523 (1980), this court said: "[I]n evaluating the showing of probable cause necessary to support a search warrant, only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. . . . [A]ffidavits for search war-

rants must be tested and interpreted in a commonsense and realistic fashion; and . . . where the circumstances are detailed, where reasons for crediting the source of information is [sic] given, and when the magistrate has found probable cause to exist, the court should not invalidate the warrant by interpreting the affidavit in a hyper-technical manner." In *State v. King*, 207 Neb. 270, 273, 298 N.W.2d 168, 170 (1980), we stated, citing *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964): "'[W]hen a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less "judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant," [citation omitted] and will sustain the judicial determination so long as "there was substantial basis for [the magistrate] to conclude that narcotics were probably present . . . ." [Citation omitted.]'"

The affidavit in this case contained the information the police had received from the citizen informant, the information that had been obtained from the authorities in Colorado as to the bank robbery, and Ihms' resemblance to the description of the robber. The citizen informant was identified by name and place of residence. As we said in *State v. King, supra* at 275, 298 N.W.2d at 171, with regard to the reliability of citizen informants, "'Reliability still must be shown, but it may appear by the very nature of the circumstances under which the incriminating information became known. Any other rule would lead to the totally unacceptable result that public-spirited citizens interested only in law enforcement could seldom furnish information sufficient to establish probable cause.' . . . 'Information supplied by a citizen who voluntarily comes forward to aid law enforcement officers is presumed to be reliable.'"

Although the cocaine seized during the search was not listed in the warrant, it was discovered during the search for the currency and other items listed in the

warrant. Of necessity, the officers were authorized to search all places in which the articles listed in the warrant might have been concealed.

The other two assignments of error are equally without merit. The parties, in open court, stipulated that the police reports be admitted and constitute the evidence for the trial on the merits. The police reports contain a report of an analysis by the senior chemist at Lutheran Hospital Laboratory which identifies the substance seized as cocaine. The stipulation of the reports into evidence was an effective waiver of the defendant's right of confrontation.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.